UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

In re:                                             :
                                                   :    Adv. Pro. No. 08-01789 (SMB)
SECURITIES INVESTOR PROTECTION      :
CORPORATION,                                       :    SIPA Liquidation
                                                   :    (Substantively Consolidated)
                        Plaintiff-Applicant,  :
                                                   :
           – against –                             :
                                                   :
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                                    :
                                                   :
                        Defendant.           :
--------------------------------------------------------X

In re:                                             :
                                                   :
BERNARD L. MADOFF,                          :
                                                   :
                        Debtor.              :
--------------------------------------------------------X

IRVING PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities    :
LLC,                                               :
                                                   :
                        Plaintiff,           :
                                                   :
           – against –                             :    Adv. Pro. No. 10-04377 (SMB)
                                                   :
CAROL NELSON, individually and as joint    :
tenant and STANLEY NELSON, individually    :
and as joint tenant,                               :
                                                   :
                        Defendants.          :
--------------------------------------------------------X

IRVING PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities    :
LLC,                                               :
                                                   :
                        Plaintiff,           :
                                                   :
           – against –                             :    Adv. Pro. No. 10-04658 (SMB)
                                                   :
CAROL NELSON,                               :
                                                   :

```
                              Defendant.       :
-------------------------------------------------------X
IRVING PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities    :
LLC,                                          :
                                              :
                              Plaintiff,       :
                                              :
                    – against –                :       Adv. Pro. No. 10-04898 (SMB)
                                              :
HELENE SAREN-LAWRENCE,                         :
                                              :
                              Defendant.       :
-------------------------------------------------------X
```

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO ADJOURN TRIALS *SINE DIE*

**A P P E A R A N C E S :**

BAKER & HOSTETLER LLP
*Attorneys for Plaintiff*
45 Rockefeller Plaza
New York, New York 10111

>        David J. Sheehan, Esq.
>        Nicholas J. Cremona, Esq.
>        Dean D. Hunt, Esq.
>              Of Counsel

CHAITMAN LLP
*Attorneys for Defendants*
465 Park Avenue
New York, New York 10022

>        Helen Davis Chaitman, Esq.
>        Gregory M. Dexter, Esq.
>              Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

The defendants in the three above-captioned adversary proceedings (the

"Avoidance Actions"), Carol Nelson, Stanley Nelson and Helene Saren-Lawrence

(collectively, the "Defendants") move pursuant to Rule 16(b)(4) of the Federal Rules of

Civil Procedure, made applicable by Rule 7016 of the Federal Rules of Bankruptcy

Procedure, to modify the existing scheduling orders and adjourn their trials *sine die*.

They mainly argue that the plaintiff (the "Trustee") amended his initial disclosures in

numerous adversary proceedings — but not in these three — and that they should be

permitted to take discovery in these Avoidance Actions based on the newly identified

disclosures.  (*See Defendants' Memorandum of Law in Support of Motion to Adjourn*

*Trial Dates, Sine Die, Pursuant to Federal Rule of Civil Procedure 16(b)(4)*, dated Dec.

5, 2018 ("*Motion*") (ECF Doc. # 18278).)[1]  In addition, they contend that discovery is

still open in the Avoidance Actions and/or the Trustee has failed to comply with timely

discovery requests in the Avoidance Actions.  Because the Defendants' arguments lack

merit, the *Motion* is denied.

## BACKGROUND

The Trustee commenced the Avoidance Actions in late November and early

December 2010.  His claims arise from the Ponzi scheme run by Bernard L. Madoff.[2]  In

each case, the Defendant(s) maintained an account with Madoff's Bernard L. Madoff

Investment Securities LLC ("BLMIS"), withdrew more than he and/or she deposited

into the BLMIS account and is, therefore, a "net winner."  The Avoidance Actions

represent three of the approximate 1,000 adversary proceedings commenced by the

Trustee to recover excess withdrawals, *i.e.,* fictitious profits, received by net winners in

Madoff's Ponzi scheme.  In their answers, the Defendants denied the material

---

[1]      Unless otherwise indicated, "ECF" refers to the electronic docket in Adv. Pro. No. 08-01789.

[2]      The Defendants maintain that there was no Ponzi scheme.  This is an issue for trial, and any
reference in this opinion to a Ponzi scheme is not intended to foreclose that argument.

allegations of the complaints, including the allegation that BLMIS never used the
customer's funds to purchase securities and BLMIS was operated as a Ponzi scheme.

## A.    The Pre-Trial Schedules

The pre-trial schedules in the adversary proceedings commenced by the Trustee
are governed by a single case management order which has been tailored to govern the
schedule in each case.  (*See Order (1) Establishing Litigation Case Management
Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective
Order*, dated Nov. 10, 2010 (ECF Doc. # 3141).)  In the *Saren-Lawrence* proceeding,
fact discovery had to be completed by March 7, 2016.  (*Second Amended Case
Management Notice*, dated Feb. 5, 2016 (ECF Adv. Pro. No. 10-04898 Doc. # 47).)  In
the two proceedings involving Carol and Stanley Nelson, individually and as joint
tenants, and Carol Nelson individually, the fact discovery had to be completed by March
14, 2016.  (*Third Amended Case Management Notice*, dated Feb. 5, 2016 (ECF Adv. Pro.
No. 10-04377 Doc. # 46); *Third Amended Case Management Notice*, dated Feb. 5, 2016
(ECF Adv. Pro. No. 10-04658 Doc. # 48).)

The Trustee made timely initial disclosures pursuant to Rule 26(a) in accordance
with the applicable schedule in each of the Avoidance Actions.  In the case of the
Nelsons' two Avoidance Actions, the Trustee, *inter alia*, identified Frank DiPascali
(since deceased) and Erin Reardon as two former employees of BLMIS who performed
managerial, administrative or supervisory work, but added, that "the Trustee does not
expect to rely on former BLMIS executives or employees at trial."[3]  In the Saren-

---

[3]    The Trustee identified several possible third-party witnesses that he might rely on at trial, but
they are not relevant to the instant proceedings.  Copies of the Trustee's initial disclosures in the Nelson

Lawrence matter, he identified former BLMIS employees Frank DiPascali, JoAnn "Jodi" Crupi and Annette Bongiorno as persons who performed managerial, administrative or supervisory work, but again, added that "the Trustee does not expect to rely on former BLMIS executives or employees at trial."[4]

The Defendants never sought fact discovery in the Avoidance Actions prior to the expiration of the fact discovery deadlines.[5]

## B.    The Trial Schedules

The Court first raised the scheduling of the trials in the Avoidance Actions at a conference held on May 31, 2017.  Although the Defendants' counsel, Helen Davis Chaitman, Esq., questioned whether fact or expert discovery was still open, she eventually acknowledged that the Avoidance Actions were trial ready.  However, she stated her intention to move to withdraw the reference to preserve what she viewed as the Defendants' rights to jury trials.  (*Transcript of 5/31/17 Hr'g* at 50:8-14 (ECF Doc. # 16192).)  The Court scheduled trials for the latter part of 2017 with the proviso that if the Defendants moved to withdraw the reference within thirty days (which they did), the Court would adjourn the trials (which it did).  (*Id.* at 50:15-52:17.)

---

Avoidance Actions are annexed as Exhibit C to the *Declaration of Helen Davis Chaitman*, dated Dec. 5, 2018 ("*Chaitman Declaration*").  (*See* ECF Doc. # 18278-1.)

[4]    The Trustee's initial disclosures in the Saren-Lawrence Avoidance Action are attached as Exhibit D to the *Chaitman Declaration*.  Copies of his amended initial disclosures in all three Avoidance Actions are annexed as Exhibit A to the *Trustee's Opposition to Defendants' Motion to Adjourn Trial Dates, Sine Die, Pursuant to Federal Rule of Civil Procedure 16(b)(4)*, dated Dec. 12, 2018 ("*Trustee Opposition*") (ECF Doc. # 18300).  The initial disclosures mentioned in the text did not change.

[5]    The defendants counsel sought fact discovery in another action in which she represented different defendants on or about March 8, 2016.  (*See Trustee Opposition*, Ex. C.)

After the District Court denied the motions to withdraw the reference, *see Picard v. Saren-Lawrence*, Nos. 17 Civ. 5157 (GBD), 2018 WL 2383141 (S.D.N.Y. May 15, 2018), *reconsideration denied*, 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018), the Court held a conference on October 10, 2018 to reschedule the trials. (*See Transcript of 10/10/18 Hr'g* (ECF Adv. Pro. No. 10-04898 Doc. # 151).) The Saren-Lawrence trial was scheduled to begin on February 20, 2019. (*Order Setting Trial*, dated Oct. 16, 2018 (ECF Adv. Pro. No. 10-04898 Doc. # 150).) Carol Nelson had some medical issues, and the Court did not schedule the Nelsons' trials at that time.

The Court held another conference on November 28, 2018, *inter alia*, to discuss consolidating the trials in the two Nelson Avoidance Actions. The Nelsons' attorney would not consent to a consolidated trial, and accordingly, the Court issued an order from the bench directing the Nelsons to show cause why the trials should not be consolidated and adjourned that issue. (*Transcript of 11/28/18 Hr'g* at 34:11-35:10 (ECF Doc. # 18251).)[6] The Nelsons' attorney informed the Court during the November 28 conference that the Trustee had recently submitted amended initial disclosures in seventy-three other adversary proceedings (the "Amended Disclosures") but not in the Avoidance Actions.[7] He asked permission to move to adjourn the trials in the Avoidance Actions. (*Id.* at 35:14-23.) After some colloquy regarding Rule 26(a), the Court stated that the Defendants could make any motion they thought appropriate, but "if [the

---

[6]     The Court decided on the adjourned date to consolidate the Nelson trials and scheduled the trial to begin on May 8, 2019.

[7]     These Amended Disclosures allegedly identified various individuals including Maurice Cohn, sixteen BLMIS employees, and two FBI agents. The Defendants have not provided a copy of the Amended Disclosures or explained the context of the amended disclosures.

Trustee] didn't have to disclose it and you didn't ask [for] it, you may be out of luck."
(*Id.* at 38:1-2.)

By their *Motion*, filed on December 5, 2018, the Defendants assert that trial in
the three Avoidance Actions should be adjourned *sine die* to permit them to take
discovery of the supplemental matters identified in the Amended Disclosures provided
in the other cases.  (*Motion* at 9-11.)  As discussed below, they also contend that
discovery is still open or unresolved in the Avoidance Actions.

## DISCUSSION

Rule 16(b)(4) of the Federal Rules of Civil Procedure, made applicable to this
adversary proceeding pursuant to Rule 7016 of the Federal Rules of Bankruptcy
Procedure, states that a deadline in a scheduling order "may be modified only for good
cause and with the judge's consent."  "[A] finding of 'good cause' depends on the
diligence of the moving party."[8] *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340
(2d Cir. 2000).  "In other words, the movant must show that the deadlines cannot be
reasonably met despite its diligence," and if "a party was not diligent, the good cause
inquiry should end."  *Rent-A-Ctr. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104
(S.D.N.Y. 2003) (citations, quotation marks, and alterations omitted).  A lack of
prejudice to other parties will not excuse a lack of diligence, *Oppenheimer & Co. Inc. v.*

---

[8]      Both sides have discussed the "good cause" standard in Rule 16(b)(4).  The *Motion* concerns
orders that fixed trial dates following what amounted to final pre-trial conferences in the Avoidance
Actions.  Indeed, the *Order Setting Trial* in the Saren-Lawrence matter, issued after the conference,
includes provisions for the exchange of witness lists, pre-marked exhibits and motions *in limine* and has
the earmarks of a final pre-trial order.  Under the circumstances, it is arguable that the more rigid
standard requiring the movant to show "manifest injustice," *see* FED. R. CIV. P. 16(e), should govern.
Nevertheless, as the parties have limited their discussion to "good cause" under Rule 16(b)(4), this Court
will too.

*Metal Mgmt., Inc.*, No. 08 Civ. 3697 (FM), 2009 WL 2432729, at *3-4 (S.D.N.Y. July 31,

2009), *adopted by* No. 08 Civ. 3697 (LTS), 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010),

but a court may consider prejudice as a secondary factor.  *Wolk v. Kodak Imaging*

*Network, Inc.*, 840 F. Supp. 2d 724, 736 (S.D.N.Y. 2012), *aff'd*, 569 F. App'x 51 (2d Cir.

2014).

## A.    The Amended Disclosures

The Defendants have failed to demonstrate good cause to modify the trial

schedule based on the Amended Disclosures.  Under Rule 26(a)(1), a party must initially

disclose, among other information, the identity of individuals the party "may use to

support its claims or defenses, unless the use would be solely for impeachment," and

documents the party "has in its possession, custody, or control and may use to support

its claims or defenses, unless the use would be solely for impeachment."[9] A party need

---

[9]    Rule 26(a) provides in pertinent part:

**(a) REQUIRED DISCLOSURES.**

**(1)** *Initial Disclosure.*

**(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information— that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location— of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. . . .

The 2000 amendments to Rule 26(a)(1) changed the initial disclosure requirements by limiting them to identifying individuals and documents that the disclosing party might use to support its claim or defense.  The revised rule eliminated the previous requirement to identify individuals or documents that might be detrimental to its case or that might have knowledge or contain information "relevant to disputed facts alleged with particularity in the pleadings," even though the disclosing party did not intend

not disclose the identity of witnesses or documents it does not intend to use to support a claim or defense.[10]  *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 129 (S.D.N.Y. 2015) ("Rule 26(a)(1)(A)(i) requires identification of persons that a party 'may use' to support its claims or defenses, not everyone with knowledge about the subject matter."), *objections overruled by* 325 F.R.D. 55 (S.D.N.Y. 2018); *In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003) (same).  Because the Trustee does not intend to call the additional individuals in the three Avoidance Actions, he had no obligation to amend his disclosures.

The Defendants' principal authority – *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 cv. 1744 (SWK), 2008 WL 2941215 (S.D.N.Y. July 30, 2008) (*see Reply* at 7) – is distinguishable.   There, the plaintiffs brought a securities class action and cited seventeen confidential witnesses – former employees of the defendants – *in the complaint. Id.*, at *1.  The defendants served discovery on the plaintiffs to determine the identities of the confidential witnesses.  *Id.*  Among other objections, the plaintiffs asserted that they had no obligation under Rule 26(a) to disclose the identity of

---

to use the individual or document in the presentation of its case.  6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 26.22[1][a], at 26-74.1 – 26-75 (3d ed. 2018).

[10]       As noted, the Trustee identified certain individuals in his initial disclosures who were formerly employed by BLMIS and managed, administered or supervised activities at BLMIS, but added that he did not expect to rely on any former BLMIS employees or executives at trial.  The Defendants contend that this disclosure "deliberately sought to deceive the Defendants," the "Trustee has completely changed his trial strategy with respect to Fact-Intensive Issues" and "all Defendants are entitled to discovery concerning these additional witnesses and the additional documents the Trustee is now disclosing for the first time."  (*Defendants' Reply Memorandum of Law in Further Support of Motion to Adjourn Trial Dates, Sine Die, Pursuant to Federal Rule of Civil Procedure 16(b)(4)*, dated Dec. 14, 2018 ("*Reply*") at 6 (ECF Doc. # 18308).)

The disclosure of information the Trustee was not required to disclose identified individuals who might have relevant information.  The Defendants were not deceived because they never acted on the disclosures; they took no discovery.  Finally, whatever the Trustee's strategy might be in other cases, he will not be proving his claims in the Avoidance Actions through the testimony of former BLMIS employees and executives.

witnesses they did not plan to call at trial. *Id.*, at *2. The Court rejected this argument

distinguishing between disclosure obligations under Rule 26(a) and (b):

> Contrary to Lead Plaintiffs' assertions, however, Rule 26(a)(1) does not
> define the scope of all possible witness disclosures. Rule 26(b) allows
> parties to "obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense—including . . . the identity and
> location of persons who know of any discoverable matter." Fed.R.Civ.P.
> 26(b)(1). Thus, "under Rule 26(b)(1), the fact that plaintiff does not intend
> to call [undisclosed] witnesses at trial is irrelevant . . . ."

*Id.* (quoting *Norflet v. John Hancock Fin. Servs., Inc.*, No. 3:04cv1099 (JBA), 2007 WL

433332, at *2 (D. Conn. Feb. 5, 2007)).

Here, the Defendants failed to serve any timely discovery in the three Avoidance

Actions and Rule 26(b)(1) is not implicated. Furthermore, the Trustee had no obligation

to amend his initial disclosures in the Avoidance Actions to identify witnesses he did not

intend to call, and since the Defendants failed to diligently pursue discovery while it

remained open, they have failed to show good cause to adjourn the trials.

## B.    Post-Deadline Discovery

The Defendants also contend that discovery is still open or was implicitly

reopened, and the Trustee has failed to comply with their outstanding discovery

requests. As noted, fact discovery closed in the Avoidance Actions in March 2016. On

June 21, 2016, defense counsel Helen Davis Chaitman served *Defendants' First Set of*

*Requests for Production of Documents and Interrogatories to the Trustee* in eighty-four

cases ("*June 2016 Request*").[11] Exhibit A to the *June 2016 Request* identified the

---

[11]    A copy of the *June 2016 Request* is annexed as Exhibit D to the *Trustee Opposition*.

Chaitman clients and the cases to which it pertained.  The Avoidance Actions were not included on Exhibit A.

The Defendants thereafter served two discovery requests that included the Avoidance Actions (the Defendants have not provided either request).  First, on March 22, 2017, Chaitman served *Defendants' Second Set of Requests for Production of Documents to the Trustee*.  The Trustee filed a response in which he objected to discovery in certain cases where discovery had already closed, including the Avoidance Actions. (*See Trustee Opposition*, Ex. E, at p. 2 n. 1.)  Second, on November 21, 2017, Chaitman served *Defendants' Third Set of Requests for Production of Documents*.  The Trustee specifically objected to the inclusion of the Avoidance Actions on the basis, *inter alia*, that the requests were untimely.  (*See Chaitman Declaration*, Ex. E, at p. 2 n. 1.) The Defendants never moved to compel discovery, and the untimely, contested discovery requests do not demonstrate good cause to stay the trials.

In their *Reply,* the Defendants also argue that the Trustee violated his statutory obligation (citing 15 U.S.C. § 78*fff*-1(d)(3), which directs a SIPA trustee to "report to the court any facts ascertained by the Trustee with respect to fraud, misconduct, mismanagement, and irregularities") to provide all information regarding Madoff's and BLMIS' trading activities and by concealing trading records and witness identities. (*Reply* at 1, 6-7.)  The cited provision pertains to the Trustee's duty to report *to the court*.  The Trustee's disclosure obligations to the Defendants, on the other hand, are governed by the Federal Rules of Civil Procedure, an avenue that the Defendants chose

not to take.[12]  They cannot complain that the Trustee failed to produce information or documents they never requested.

The Defendants also maintain that the Trustee conceded that all the defendants, including Saren-Lawrence and the Nelsons, are entitled to the discovery of all relevant information, the newly identified individuals in the Amended Disclosures have relevant information, and their information is essential to their defense.  (*Reply* at 2-5.)  The Defendants point to the Trustee's proposal to conduct an omnibus trial involving all defendants on the issues relating to the existence and duration of the BLMIS Ponzi.  (*Motion and Supporting Memorandum of Law for an Order Establishing Omnibus Proceeding for the Purpose of Determining the Existence, Duration, and Scope of the Ponzi Scheme at BLMIS*, dated Feb. 23, 2018 ("*Ponzi Proposal*") (ECF Doc. # 17284).)  The *Ponzi Proposal* incorporated a proposed discovery schedule which would apply to all 155 remaining Good Faith Actions,[13] including the Avoidance Actions.  (*Ponzi Proposal*, Ex. A.)

Numerous defendants objected to the *Ponzi Proposal*, including the Defendants in the Avoidance Actions.  (*Defendants' Memorandum of Law in Opposition to Trustee's Motion for an Order Establishing an Omnibus Proceeding to Determine the Existence, Duration, and Scope of the Alleged Ponzi Scheme at BLMIS*, dated Apr. 11,

---

[12]    This is not meant to suggest that the Trustee has not reported the facts relating to the fraud, misconduct, mismanagement and irregularities he found.  The many court decisions in the Madoff-related matters are replete with descriptions of the BLMIS Ponzi scheme supplied by the Trustee.  *See, e.g., SIPC v. BLMIS* (*In re BLMIS*), 424 B.R. 122, 126-32 (Bankr. S.D.N.Y. 2010), *aff'd*, 654 F.3d 229 (2d Cir. 2011), *cert. denied*, 567 U.S. 934 (2012).

[13]    "Good Faith Actions" refers to those adversary proceedings in which the Trustee concedes that the defendants did not know about Madoff's Ponzi scheme.

2018, Ex. A at 4, 12 (ECF Doc. # 17474).)  In the main, the objections contended that the Court's determination of the Ponzi scheme issues violated their rights to jury trials. They also objected to certain procedures suggested by the Trustee.  The Court ultimately refused to enter the order approving the *Ponzi Proposal,* and it was abandoned.  The Trustee never conceded that defendants in cases where discovery had closed were entitled to additional discovery and did not offer to reopen or extend discovery in those cases except through the *Ponzi Proposal* which the Defendants and others defeated.

Finally, the Defendants contend that this Court or retired Magistrate Judge Frank Maas, the Court-appointed Discovery Arbitrator,[14] implicitly reopened closed discovery. (*Reply* at 5, 7-9.)  Chaitman has been involved in ongoing discovery disputes with the Trustee before the Discovery Arbitrator and the Court.  She is primarily attempting to get trading records which she believes will show that Madoff or BLMIS bought U.S. Treasury or other securities with customer funds and allocated those purchases to customers on their monthly statements.  This position is common to all of her cases. Rather than hear the same discovery dispute upwards of 100 times, this Court and the Discovery Arbitrator stated that their discovery rulings in one Chaitman case would apply to all Chaitman cases.

The Defendants ignore the context in which these statements were made.  The Chaitman cases were in various stages of discovery.  In some cases, discovery was still

---

[14]    In accordance with Federal Bankruptcy Rule 9019(c) and section 9.1(A) of *General Order M-452 of the United States Bankruptcy Court, Southern District of New York, Amending, and Restating M-143, M-211 and M-390*, dated June 28, 2013, the Court entered an order appointing former Magistrate Judge Frank Maas as the Discovery Arbitrator in Madoff-related matters.  (*Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390*, dated Oct. 4, 2016 (ECF Doc. # 14227).)  The order requires the consent of the parties to submit a discovery dispute to the Discovery Arbitrator.

open; in others, the discovery deadline had passed but a timely discovery dispute had been raised; in still others, including the Avoidance Actions, the discovery deadline had run, no timely discovery had been sought, and hence, there were no discovery disputes. When the Court or the Discovery Arbitrator stated that a discovery ruling applied in all Chaitman cases, this meant the cases involving actual or potential discovery disputes. The rulings did not amend the scheduling orders in cases like the Avoidance Actions where discovery had closed, discovery had never been requested, defendants had never moved to amend the case management orders, and the actions were trial ready.

Chaitman acknowledged as much at a recent conference before the Discovery Arbitrator in another adversary proceeding. The Trustee's counsel had argued to the Discovery Arbitrator that the dispute relating to her document requests did not apply to cases that were trial ready, specifically identifying the Saren-Lawrence and Nelson actions. Chaitman responded, "Right, except for those three, yeah. I agree that there are three cases that are trial ready." (*Trustee Opposition*, Ex. B, at 54:2-12.)

In short, discovery in the Avoidance Actions closed nearly three years ago; the Defendants never pursued discovery while it remained open, and never moved to reopen discovery. The Defendants conceded that their cases were trial ready which means that

discovery was complete.  The Defendants have therefore failed to show cause to adjourn

their trials, and the *Motion* is denied.

So ordered.

Dated:   New York, New York
         January 2, 2019

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              United States Bankruptcy Judge